```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL ROJAS, et al.,

        Plaintiffs,

-against-

PJ BERSTEIN DELI CORP., et al.,

        Defendants.

18-CV-2569 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated June 25, 2019 (Dkt. No. 83), seeking approval of their proposed Settlement Agreement and Release of Wage and Hour Claims (Agreement) (Dkt. No. 83-1), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties negotiated the material terms of the Agreement at a judicially-supervised settlement conference on May 3, 2019. For the reasons set forth below, the Agreement will be approved with certain modifications.

## The Agreement

The Agreement provides that a total of $30,000 will be paid to plaintiff Manuel Rojas in full settlement of his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims, which arise out of his work as a counterman at a deli-style restaurant known as PJ Bernstein. Ag. ¶ 1. The initial payment is to be $10,000, due within 15 days of the parties' receipt of this Order, followed by a series of "six (6) consecutive monthly installment payments each in the amount of $3,333.33 apiece until the Settlement Sum is paid in full." *Id*.[1] The settlement checks are to be made out to Samuel & Stein, plaintiff's attorneys. *Id*. Plaintiff acknowledges that his attorneys'

---

[1] The Agreement confusingly refers to these payments as "Payments 2-13." Ag. ¶ 1. In fact, as the text of the Agreement correctly recites, the Settlement Sum will be paid in full after the initial payment of $10,000 and six monthly payments of $3,333.33 apiece.

fees and expenses will be paid "as part of the monies set forth in this Paragraph." *Id*. However, the Agreement does not specify what those fees and expenses will be. That issue is addressed only in the parties' joint letter, which states that plaintiff's counsel will be reimbursed for out of pocket expenses of $560 "and will retain 1/3 of the net settlement as attorneys' fees." Joint Ltr. at 4.

There are three named defendants in this action: PJ Bernstein Deli Corp. d/b/a PJ Bernstein (PJ Bernstein), Alex Slobodski, and Leonid Vaynberg.[2] Additionally, the Agreement is signed by Mr. Slobodski on behalf of non-party Somich Deli, Inc. (Somich Deli). The Agreement states that all three defendants, as well as Somich Deli, are "jointly and severally liable for the Settlement Amount." Ag. ¶ 1. However, defendants PJ Bernstein and Slobodski must "pay the entire Settlement Amount" on the specified schedule. If they fail to do so, and fail to cure within five days after receipt of a default notice by plaintiff, "then the monetary amount of $45,000, minus any settlement amounts already paid, plus fees and costs, shall become due and owing as of the sixth business day," *id*. ¶ 7, and plaintiff will have a right to a judgment in that amount against all "DEFENDANTS," "jointly and severally." *Id*.

The Agreement contains a unilateral release, whereby plaintiff releases "DEFENDANTS" from "any and all wage and hour claims . . . with respect to any alleged acts occurring before the effective date" of the Agreement. Ag. ¶ 4. Although the parties define the term "DEFENDANTS" extremely broadly (as discussed in more detail below), they do not explicitly state that it includes Somich Deli. However, it is apparent that they intended the release to extend to that entity, because they do state, in the same paragraph, that "the release of Somich Deli, Inc. is contingent upon the

---

[2] The Agreement spells Slobodski's name three different ways: as "Slobosky," "Slobodsky," and "Slobodski." *See* Ag. ¶¶ 1, 7, 19; *id*. at 1, 13. The Court adopts the spelling "Slobodski," which is how this defendant spelled his own name when he signed the Agreement. *See* Ag. at 13, 14.

2

full payment of the Settlement Sum." *Id*. No other portion of the release is contingent upon anything other than this Court's approval of the Agreement.

Defendants PJ Bernstein, Slobodski, and Vaynberg expressly "reserve all rights and claims against each other," except insofar as they "waive any and all objections to the terms of the Agreement, and will not dispute this Agreement in the future." Ag. ¶ 9. The Agreement contains no confidentiality clause and no non-disparagement clause. It does contain a severability clause, which authorizes the Court to conform any invalid provision to "a valid provision most closely approximating the intent of the invalid provisions." Ag. ¶ 11.

## **Discussion**

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199, with two exceptions.

First, as noted above, the parties define the term "DEFENDANTS" extremely broadly, to include:

> Alex Slobosky [sic], Leonid Vaynberg, and PJ Bernstein Deli Corp. d/b/a PJ Bernstein, and said company's successors, predecessors, parents, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, purchasers of assets or stock, representatives, shareholders, partners, employees, agents, attorneys, assigns, and successors in interest, including but not limited to, [defendant] Alex Slobodsky [sic], [non-party] Steven Slobodsky [sic], and [defendant] Leonid Vaynberg, both in their representative and individual capacities, and said individuals' heirs, executors, administrators, successors, assigns and attorneys.

Ag. ¶ 1. Moreover, this expansive definition is used throughout the Agreement. Thus, for example, a literal reading of ¶ 7 would make all "DEFENDANTS" liable for a payment of up to $45,000 in the event of an uncured breach of the installment payment schedule, including (by way of example) non-party Steven Slobodski, who is identified by name as a "DEFENDANT" even though he is not, in fact, a defendant in this action, and did not sign the Agreement. Should plaintiff attempt to

3

enforce ¶ 7 against Steven Slobodski (or other persons or entities unbound by the Agreement), it seems unlikely that he would succeed.

By the same token, the release provisions in ¶ 4, read literally, would "extend[] the benefits of the release to a long list of affiliated persons and entities, regardless of whether those persons and entities were acting in their capacity as such." *Pinguil v. We are all Frank, Inc.*, 2018 WL 2538218, at *3 (S.D.N.Y. May 21, 2018) (denying approval of FLSA settlement agreement with, *inter alia*, an overbroad release provision).[3] This feature makes the release impermissibly broad. "In order to pass muster under *Cheeks*, [a] release 'should unambiguously extend only to persons or entities acting on behalf of or in privity with defendants themselves, and as to such persons or entities must be limited to claims arising from actions taken in their capacity as such.'" *Id.* (quoting *Pinguil v. YTF Hair Extensions, Inc.*, 2018 U.S. Dist. LEXIS 26010, at *9 (S.D.N.Y. Feb. 15, 2018)); *accord Garcia v. Good for Life by 81, Inc.*, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018); *Washington v. Elegante Servs.*, 2018 U.S. Dist. LEXIS 37638, at *8 (S.D.N.Y. Mar. 6, 2018).

Second, although the joint letter describes the fee arrangement between plaintiff and his counsel, the Agreement itself contains no comparable provision and thus places no express limit on the portion of the settlement payment that will go to plaintiff's attorneys. It is well-settled that a district court reviewing an FLSA settlement for fairness can and should assure itself that the fee is not excessive. *See*, *e.g.*, *Seck v. Dipna Rx, Inc.*, 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017) (noting that a review of the proposed attorneys' fee is "central to determining whether the

---

[3] By way of example only, plaintiff Rojas could be deemed to have released wage and hour claims against an employer for whom he worked after he left defendant's deli – in a wholly different business – if that employer happened to be a former director, officer, shareholder, partner, employee, agent, or attorney of a business entity "related" in some way to a predecessor corporation of PJ Bernstein.

overall settlement is fair and reasonable to the plaintiff"); *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *3 (S.D.N.Y. June 22, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)) ("[T]he reviewing court must carefully analyze the agreement in order to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'"). As written, the Agreement in this case does not adequately protect the plaintiff against an excessive fee award.

Both of these deficiencies can be remedied pursuant to ¶ 11 of the Agreement, which permits the Court to "conform" any invalid provision "to a valid provision most closely approximating the intent of the invalid provisions." Ag. ¶ 11.

The Court presumes that the parties' intent was that the plaintiff would release all wage and hour claims *arising out of his employment at PJ Bernstein*, including those asserted against the defendants named herein and those that might have been asserted against related entities (such as Somich Deli) or their personnel (such as Steven Slobodski). Consequently, rather than rewrite the definition of "DEFENDANTS," the Court will modify ¶ 4 to limit the release to:

> any and all wage and hour claims, obligations, debts, liabilities, demands, or causes of action with respect to any alleged acts occurring before the effective date of this Agreement as it relates to: any wage and hour claims made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tips, and/or tip credits, and was not provided with wage records or wage notices in connection with his employment ***at PJ Bernstein*** in violation of the FLSA, New York Labor Law, Wage Theft Prevention Act, or any other statutory or common law. [sic]

The parties' intent concerning attorneys' fees and expenses – as revealed by their joint letter – is to reimburse plaintiff's counsel for out of pocket expenses in the amount of $560 (for the filing fee and service of process) and to allow counsel a fee of "1/3 of the net settlement." Joint Ltr. at 4. However, counsel neglected to provide any evidentiary support for the claimed expenses. The total award to counsel will therefore be limited to $10,000 (one third of $30,000), which is

5

both reasonable from a percentage-of the-fund perspective, *see Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"), and considerably less than counsel's claimed lodestar of $17,810. (*See* Dkt. No. 83-2.) The Court will therefore deem ¶ 1 of the Agreement to provide that the fees and expenses of plaintiff's counsel will be paid out of the settlement payments set forth in ¶ 1, in an aggregate amount not to exceed $10,000. The payments to counsel must be made *pro rata* with the payments to plaintiff himself; that is, counsel may retain no more than one-third of each installment payment made by defendants.

## Conclusion

For the reasons set forth above, I find that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d 199, except for the release provision and the attorneys' fee provision, which the Court modifies, pursuant to ¶ 11 thereof, in the manner set forth above. The Court finds that the Agreement, as modified, is fair and reasonable and **APPROVES** the Agreement as so modified.

Dated: New York, New York
        July 10, 2019

                                            **SO ORDERED**.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**